STATE, PHINEAS C. ORCUTT ET AL., PROSECUTORS, v.
CHARLES REINGARDT.

1. The board of excise of the city of Elizabeth has the power to grant licenses to sell ale, lager beer and wine.
2. There need be only ten signers to the recommendation of such license.
3. After the recommendation for license has been presented to the board, and jurisdiction has been acquired, a signer whose name has not been procured by fraud, cannot, without the consent of the board, withdraw his name and divest the board of jurisdiction.

4. *Query,* whether the board, under such circumstances, has the power to oust itself of jurisdiction against the objection of the applicant for license.

5. Signing recommendation for license of inn and tavern, within a year, does not disqualify from signing recommendation for beer license.

6. Application for beer license need state only the kinds of malt liquor the applicant proposes to sell, and the location of his proposed place of business.

7. Recommendation for beer license need state only that the applicant is a sober and honest man.

8 The act of March 23d, 1883, does not apply to recommendations for beer licenses, to boards of excise.

On *certiorari.*

Argued at February Term, 1884, before Justices REED and PARKER.

For the plaintiffs in *certiorari*, *S. B. Ransom.*

*Contra, J. Augustus Fay.*

The opinion of the court was delivered by

PARKER, J.   The writ in this case was directed to the board of excise of the city of Elizabeth, and William R. C. Coleman, city clerk, and brings up the application of Charles Reingardt for a license to sell ale, lager beer and wine, the order of the board granting the license, and all proceedings before said board of excise relating thereto.

The reasons filed are numerous, and disclose two general objections to the legality of the license; one relating to the jurisdiction of the board of excise, and the other to its action. As to the latter, we think the board had discretionary power, which is not reviewable. The inquiry will therefore be directed to the objections relating to jurisdiction.

It is contended by the prosecutors (1) that the application for license does not sufficiently designate the place where the applicant proposes to sell ale, lager beer and wine; (2) that the freeholders who signed the recommendation did not desig-

nate the location and nature of the real estate which they respectively owned; (3) that the recommendation was not signed by ten freeholders and citizens who had not signed any other recommendation for a license to sell spirituous or malt liquors, within a year preceding the application; (4) that there is no certificate that the place proposed to be licensed was necessary to accommodate the public, and entertain travellers and strangers, nor that the applicant was of good repute for honesty and temperance; and (lastly) that the said board of excise had not power to grant a license to sell ale, lager beer and wine, even if all the preliminary proceedings complained of had been legal.

The board of excise of the city of Elizabeth was created by the act of 1870, being a supplement to the city charter. That act gave the board exclusive power to grant licenses to persons to keep inns and taverns and victualing-houses, with the privilege of retailing spirituous liquors. It did not give authority to grant what are called beer licenses.

On the 4th day of April, 1872, a general law was passed, to regulate the sale of ale, beer, wine, porter or other malt liquors. It gave the power to grant beer licenses to the Courts of Common Pleas of the respective counties, *or to other authorities then having power to grant licenses,* except in places where there was then a law in force regulating the sale of any of the liquors mentioned in the Beer act. There was no law then in force in the city of Elizabeth, regulating the sale of malt liquors. Consequently, the board of excise of that city, under the law of 1872, had power to grant the license to the applicant in this case, if his application and recommendation were in due form, and signed by the requisite number of freeholders and citizens.

The application designates the place applied for to be licensed as "No. 1005 Elizabeth avenue, the corner of Spring street, in said city." This is sufficiently definite.

The testimony shows that, at the time the application was presented to the board of excise, there were at least ten legal signers to the recommendation. The beer law requires only

ten signers. It is true that one of the signers of the recommendation in this case, after it had been presented, and the board had obtained jurisdiction, sent a communication to the board, requesting permission to withdraw his name, on the ground that he had signed without proper reflection. The board did not grant the permission, and the names of ten legal signers remained.

It is doubtful if the board of excise could have ousted itself of jurisdiction by granting permission to withdraw a name from a recommendation after it had been presented, so as to reduce the number of signers below ten. There was no evidence to show that the signature of the signer who applied to withdraw his name was procured by fraud.

It is also true that some of the ten signers of the recommendation had signed applications for licenses to keep inns and taverns within a year, but that did not disqualify them from signing this recommendation. The evidence shows that none of the signers of the recommendation in this case had signed for a beer license within the prohibited time; and that is all the act of 1872 forbids.

The act of 1872, under which this license is granted, does not require the application or recommendation to state that the house is necessary to accommodate the public and entertain travelers and strangers, nor that the applicant is of good repute for honesty and temperance. These statements are required in applications and recommendations for tavern licenses. The act of 1872 requires the applicant only to state the kind or kinds of malt liquor he proposes to sell and where he proposes to locate his place of business; and the signers of the recommendation need only state that the applicant is a sober and honest man. In this case, these requirements of the act have been complied with.

The act of March 23d, 1883, which enacts that the nature and location of the real estate of the several signers of the recommendation for license be stated, does not apply to recommendations for beer licenses to boards of excise.

The board of excise of the city of Elizabeth had jurisdiction of this application, and as there is no error in the proceedings, we refuse to set aside the license.

The writ is dismissed, but without costs.